IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIK Custom Products, Inc.
1 West Hegeler Lane
Danville, Illinois 61832
                                                :       CIVIL ACTION
**Plaintiff**
                                                :       NO:
V.                                              :

Pegasus International, Inc.
400 Commerce Drive
Fort Washington, PA    19034    :
**Defendant**
_____

# CIVIL COMPLAINT
_____

## THE PARTIES

1. The Plaintiff, KIK Custom Products, Inc. ("KIK"), is a Texas corporation with its principal place of business in Danville, Illinois at the address in the caption hereof.

2. The Defendant, Pegasus International, Inc. ("Pegasus) is a Pennsylvania corporation which has its principal place of business in Pennsylvania at the address listed in the caption hereof.

## THE COURT'S JURISDICTION

3. This action is a civil claim involving, exclusive of costs and interest, a sum in excess of $75,000.00.

4. Every issue of law and fact herein is wholly between the Plaintiff which, for purposes of 28 U.S.C. 1332 jurisdiction, is a citizen of either Texas or Illinois and the Defendant, a citizen of Pennsylvania.

5. Jurisdiction of this court is based upon the diversity statute 28 U.S.C. § 1332.

6. Venue is under 28 U.S.C.1391 and because the Defendant resides in the Eastern District of Pennsylvania.

## SUBSTANTIVE ALLEGATIONS

7. At all times material hereto, the Plaintiff has been engaged in the manufacture and sale of liquid and aerosol consumer cleaning and household products for private labels and for national brands.

8. At all times material hereto, the Defendant has been a wholesaler of various goods including liquid and aerosol consumer cleaning and household products of the type and brands manufactured by the Plaintiff.

9. The Defendant, over the period of a number of years has purchased liquid and aerosol consumer cleaning and household products manufactured and sold by the Plaintiff and it predecessors, APG and CCL Manufacturing Inc., which the Plaintiff acquired.

10. In response to 4 purchase orders issued by the Plaintiff attached as **Exhibit A**, the Defendant manufactured and shipped to Plaintiff various

goods accompanied by seven invoices totaling $110,531.75 **(Exhibit B)** each of which called for payment within 45 days and interest on overdue amounts at 18% per annum which invoices have yet to be paid despite repeated requests.

11.  In addition, the Plaintiff invoiced the Defendant $2,439.76 for sums it expended for the preparation of dies for the boxes in which the Defendant's products were packaged, a cost which Pegasus had assumed over the course of the dealings between KIK and Pegasus, which invoice has yet to be paid.  See **Exhibit C**. (Invoice 231015).

12.  Further, the Plaintiff invoiced the Defendant for $45.65 it expended on account of overnight deliveries, a cost which Pegasus had assumed over the course of the dealings between KIK and Pegasus, which invoice has yet to be paid.  See **Exhibit D**. (Invoice 260020).

WHEREFORE, the Plaintiff demands judgment against the Defendant in the principal amount of $110,531.75 plus interest at 18% commencing 45 days from the date of each invoice or a total of $115,505.67 as of January 31, 2007 plus invoices 231015 and 260020 ($2,485.21) with interest at 6% commencing in 45 days ($2,610.54) or a sum total of $118,116.21 as of January 31,2007 plus interest accrued on said principal balances after that date  plus costs.

### COUNT II – IN THE ALTERNATIVE

13.  The Plaintiff incorporates all previous paragraphs as though they were set forth in full herein.

14.   The Defendant has, at its request, received goods and services from the Plaintiff having a fair market value totaling $113,016.96 and has thereby been unjustly enriched at the Plaintiff's expense.

WHEREFORE, the Plaintiff demands judgment against the Defendant on this Count, pleaded in the alternative, in the principal amount of $113,016.96 plus interest at the 6% rate imputed by law commencing 45 days from the date of each invoice or a total of $114,712.72 as of January 31, 2007 increased by any interest after that date plus costs.

### COUNT III

15.   The Plaintiff incorporates all previous paragraphs as though they were set forth in full herein.

16.   The usage of the trade of those merchants engaged in the sale and purchase of private label products such as those identified on **Exhibit B** is that the manufacturer/seller, at the inception of the relationship, acquires chemicals, liquids, cans, aerosol spray nozzles and other components necessary to fill future orders as they arrive.

17.   It is also the usage of the trade of such merchants that when a product line is discontinued or revised so that the components may not be used, the buyer pays any costs of acquisition of the unusable components which are referred to as "obsolete".

18.   The Plaintiff has on hand obsolete materials which it has acquired at a total cost of $83,385.91 which were invoiced by the Plaintiff to the Defendant via an invoice attached as **Exhibit E** and Defendant has

advised that it would not honor its obligation to pay for these obsolete components.

19. In accordance with said usage of the trade, the Defendant owes the Plaintiff $83,385.91 on account of such obsolete goods.

20. The Plaintiff has put the Defendant on notice of its intention to resell the goods by the enclosed notice (**Exhibit F**) but has not yet been able to successfully resell the goods and, as of this date, despite reasonable efforts to effect a resale, has no current prospect of selling these goods which, because, they are in odd lots, have limited, if any, resale value.

WHEREFORE, the Plaintiff demands judgment against the Defendant on this Count in the principal amount of $83,385.91 plus interest at the 6% rate imputed by law commencing on February 12, 2007 increased by any interest at 6% imputable to time after February 12, 2007, plus costs.

### COUNT IV – IN THE ALTERNATIVE

21. The Plaintiff incorporates all previous paragraphs as though they were set forth in full herein.

22. In reliance upon the usage of the trade and with the knowledge and approval of the Defendant, the Plaintiff purchased the aforesaid obsolete components relying to its detriment upon the obligation of Defendant to reimburse it for obsolete goods.

WHEREFORE, the Plaintiff demands judgment against the Defendant

5

on this Count pleaded in the alternative to Count IV in the principal amount of $83,385.91 plus interest at the 6% rate imputed by law commencing on February 12, 2007 increased by any interest at 6% imputable to time after February 12, 2007, plus costs

## COUNT V

23. The Plaintiff incorporates all previous paragraphs as though they were set forth in full herein.

24. By four Purchase Orders attached as **Exhibit G,** the Defendant ordered goods which the Plaintiff manufactured and prepared for shipment.

25. Pursuant to said Purchase Orders, the Plaintiff manufactured and made ready for shipment goods having an invoice value of $108,684.13.

26. These goods consisted of products contained in cans bearing lithographic printing and designs portraying, inter alia, the logos, names, and distribution line descriptions of two retail chain customers of Defendant, Family Dollar and Super Value, and therefore have limited, if any, resale value.

27. Defendant was continually late in making its payments on account of the goods sold and delivered by the Plaintiff to the Defendant and, after Plaintiff made written requests for assurances of timely payment, failed to provide such assurances and, further, Defendant advised the Plaintiff that it would not honor its obligation to pay for the obsolete items. As a result, the Plaintiff advised the Defendant that it would not ship the goods remaining on the aforesaid Purchase Orders until arrangements were

P:\BACKUP\S N H\12277\01\COMPLAINT 02-09-07.DOC

6

made to pay the balance due on the obsoletes or the Defendant agreed to pay for these goods upon delivery.

28. The Defendant refused and continues to refuse to make any payments on account of the obsoletes and has not offered to pay for the goods on delivery.

29. The Plaintiff has put the Defendant on notice of its intention to resell the goods by the enclosed notice (**Exhibit F**) but has not yet been able to successfully resell the goods and, as of this date, despite reasonable efforts to effect a resale, has no current prospect of selling these goods.

WHEREFORE, the Plaintiff demands judgment against the Defendant on this Count in the principal amount of $108,684.13 plus interest at the 6% rate imputed by law commencing today and costs and on all Counts in the total principal amount of $305,087.20 exclusive of costs and the interest computed and requested in the various Counts.

       **HUNTINGTON & FRANKLIN, P.C.**

       **By:**_____
         **Stephen N. Huntington**
         **Attorney for Plaintiff-  #02540**
         **1500 John F. Kennedy Blvd., Suite 1032**
         **Philadelphia, PA 19102**
         **Pone:   215.523.7900; Fax:   215.523.7911**