## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIK CUSTOM PRODUCTS, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 07-CV-608 |
| v. | : | |
| | : | |
| PEGASUS INTERNATIONAL, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ANSWER AND COUNTERCLAIM OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT**

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

4. The allegations in this paragraph are legal conclusions for which no response is required.

5. The allegations in this paragraph are legal conclusions for which no response is required.

6. The allegations in this paragraph are legal conclusions for which no response is required.

7. Admitted.

8. Denied. Pegasus does not consider itself a "wholesaler". It is admitted that Pegasus sells various household cleaning products as well as other products to its customers.

9. Admitted.

10. Admitted in part, denied in part. It is admitted that KIK issued the four purchase orders attached as Exhibit "A". It is further admitted that KIK manufactured and shipped to Pegasus the product that is the subject of the purchase orders attached as Exhibit "A". It is denied that the amount due and owing is $110,531.75. It is further denied that any monies are owed to KIK with regard to these purchase orders. It is further denied that there is any right to "interest on overdue amounts at 18% per annum".

11. Denied.

12. Denied.

WHEREFORE, the defendant demands that judgment be entered in its favor and against plaintiff on this Count I.

13. Pegasus incorporates herein by reference its responses to the preceding paragraphs in their entirety, as if set forth in full.

14. Denied.

WHEREFORE, the defendant demands that judgment be entered in its favor and against plaintiff on this Count II.

15. Pegasus incorporates herein by reference its responses to the preceding paragraphs in their entirety, as if set forth in full.

16. Denied.

17. Denied.

18. Pegasus has no firsthand knowledge as to what "materials" KIK "has on hand". By way of further response, Pegasus has no contractual or other legal obligation to reimburse KIK or any materials which it may have purchased in anticipation of any business it might receive from Pegasus. By way of further response, as set forth in the Counterclaim, the relationship terminated due solely to KIK's breach of its contractual obligations to Pegasus by refusing to deliver to Pegasus various products, despite the fact that such products had been manufactured and were available for delivery. This was done to intentionally harm Pegasus' relationships with certain of its customers, as part of KIK's intent to tortiously interfere with Pegasus' relationships with such customers.

19. Denied.

20. Denied. While KIK did state its intention to sell the products which it refused to timely deliver to Pegasus directly to Pegasus' customers, KIK knew that it was improper and illegal for it to sell such products to Pegasus' customers. As set forth in the Counterclaim, had KIK delivered these products to Pegasus when Pegasus attempted to take delivery of the same, within the time limits as set forth in the parties' contract, Pegasus would have been able to timely deliver such product to its customer. KIK intentionally refused to make delivery to Pegasus, despite the availability of the product, so that it could harm Pegasus' relationship with, for example, Family Dollar and Super Value and force Pegasus to be late on the delivery of these products to said customer. During this time period, KIK tortiously interfered with Pegasus' contractual and prospective contractual relations with these customers and went it to sell directly

to these customers. Then, only after Pegasus had obtained a new supplier for these products, and no longer needed the products from KIK did KIK state that it was then willing to deliver the product (totally untimely) to Pegasus. By this time, KIK had accomplished its improper and illegal conduct of having undermined and undercut Pegasus' relationships with, among others, Family Dollar and Super Value.

WHEREFORE, the defendant demands that judgment be entered in its favor and against plaintiff on this Count III.

21. Pegasus incorporates herein by reference its responses to the preceding paragraphs in their entirety, as if set forth in full.

22. Denied.

WHEREFORE, the defendant demands that judgment be entered in its favor and against plaintiff on this Count IV.

23. Pegasus incorporates herein by reference its responses to the preceding paragraphs in their entirety, as if set forth in full.

24. Admitted in part, denied in part. Pegasus admits that the four purchase orders were placed and that produce was manufactured and shipped for one of the purchase orders. Pegasus has no firsthand knowledge as to the remaining allegations.

25. Denied. While it is believed, based upon representations from KIK's personnel, that KIK manufactured the goods, KIK did not make such goods "ready for shipment". To the contrary, without any right or justification, when Pegasus went to accept delivery of the goods, notwithstanding that such goods were allegedly on the floor and ready to be delivered, KIK refused to deliver the product to Pegasus.

26. Admitted in part, denied in part. It is admitted that the product should have been manufactured for Family Dollar and Super Value. It is denied that they have "limited, if any, resale value." KIK is expressly forbidden, due to its outrageous and unconscionable actions, from attempting to sell this product to any person or entity. It is only because of KIK's outrageous conduct, as set forth both above and below that the product was not timely delivered to Pegasus. This product must be either destroyed or delivered, without any charge, to Pegasus so that Pegasus can sell it to its customers.

27. Denied. As set forth above, KIK intentionally refused to deliver the product when the product was due to be delivered. At that time, there was absolutely no issue or claim relating to the "obsolete items". Further, KIK asserted the "obsolete items" claim and has otherwise manufactured claims in this Complaint in anticipation of the lawsuit it knew would be filed against it for its breach of contracts and for its tortious interference with Pegasus' customers. Further, KIK knows that Pegasus has no contractual or other legal obligation to pay for any materials which were purchased by KIK for whatever purpose they allegedly purchased such materials. Finally, KIK must either destroy the product that it still retains or immediately ship such product to Pegasus so that Pegasus can attempt to recoup some of its substantial losses as a result of the outrageous conduct of KIK.

28. Denied.

29. Denied for the reasons set forth above.

WHEREFORE, the defendant demands that judgment be entered in its favor and against plaintiff on this Count V.

## COUNTERCLAIM

1. Counter-plaintiff, Pegasus International, Inc. ("Pegasus"), is a Pennsylvania corporation which has its principal place of business located at 400 Commerce Drive, Fort Washington, PA 19034.

2. Counter-defendant, KIK Custom Products, Inc. ("KIK"), according to KIK, is a Texas corporation with its principal place of business located at 1 West Hegeler Lane, Danville, IL 61832.

3. This action is a civil claim involving, exclusive of cots and interest, as sum in excess of $75,000.00.

4. Every issue of law and fact herein is wholly between the counter-defendant which, for purposes of 28 U.S.C. 1332 jurisdiction, is a citizen of either Texas or Illinois and the counter-plaintiff, a citizen of Pennsylvania.

5. Jurisdiction of this Court is based upon the diversity statute 28 U.S.C. § 1332.

6. Venue is under 28 U.S.C. § 1391 and because the counter-plaintiff resides in the Eastern District of Pennsylvania.

7. Pegasus attempted on numerous occasions to schedule a time for the delivery of the products ordered from KIK. However, when representatives of Pegasus spoke with representatives of KIK, Pegasus was advised that their account had been placed on hold, although the customer service representative was unable to provide a

reason for the hold. In fact, the customer service representative advised that the account should not be on hold as the account was in good standing. Unfortunately, the representative was unable to schedule the delivery and referred Pegasus to upper management.

8. Despite numerous phone calls and e-mails to KIK upper management, as provided by KIK representatives, no response was ever received from such upper management.

9. In short, KIK refused to make the products available for delivery to Pegasus, despite the fact that the products had been manufactured and were available for delivery and Pegasus' account in good standing.

10. Counsel for KIK did e-mail Pegasus demanding more than Three Hundred Thousand Dollars ($300,000.00).

11. Pegasus promptly responded to the aforementioned email by advising that it had never received the products which was the subject of the more than Three Hundred Thousand Dollars ($300,000.0) invoices claimed by KIK.

12. As a direct result of KIK's failure to make the products available for delivery, Pegasus was unable to timely delivery the products to its customers.

13. Now, it appears that KIK is attempting to sell the product ordered by Pegasus directly to Pegasus' customers without ever having timely made the product available for delivery to Pegasus. KIK is also preying upon the bad will which KIK caused to Pegasus' customers, by attempting to take those customers from Pegasus.

14. KIK is aware that it is illegal and improper for KIK to sell to Pegasus' customers the product ordered by Pegasus which KIK refused to make available for delivery despite the fact that Pegasus' account with KIK was in good standing.

15. KIK has intentionally refused to make delivery to Pegasus, despite the availability of the products, so that it could harm Pegasus' relationship with its customers, including, but not limited to Family Dollar and Super Value.

16. As a direct result of KIK's actions, Pegasus was forced to find a new supplier for the products it had previously ordered from KIK.

17. It was only after Pegasus obtained a new supplier and, therefore, no longer needed the products from KIK that KIK was willing to deliver the product to Pegasus. At this time, however, delivery was totally untimely and KIK had already accomplished its improper and illegal conduct in undermining and undercutting Pegasus' relationship with its customers, including, but not limited to Family Dollar and Super Value.

## COUNT I
**(Breach of Contract)**

18. Pegasus incorporates herein by reference its responses to the preceding paragraphs in their entirety, as if set forth in full.

19. By purchase orders attached hereto as Exhibit "A", Pegasus ordered various products from KIK which were to be delivered in August and early September 2006.

20. KIK represented to Pegasus that it had manufactured the products in a timely manner and were ready for delivery.

21. When Pegasus made arrangements to take delivery of the product, KIK's representatives informed Pegasus that such representatives had been instructed to refuse to make delivery of the products that were the subject of the purchase orders.

22. Such representatives admitted, upon inquiry, that there was no legitimate reason to refuse delivery as Pegasus was currently on its account. Such representatives could give no explanation as to why such representatives had been instructed to withhold delivery.

23. As a result of this breach of contract, Pegasus was forced to, on an emergent basis, find an alternative manufacturer for the products. Even though Pegasus lost substantial sales due to KIK's conduct, an alternative manufacturer was hired so that Pegasus could fill new orders and hopefully retain the customers for which Pegasus was unable to fill orders due to KIK's conduct.

24. It was only months later, after KIK lost hundreds of thousands of dollars in sales to its customers, that KIK stated it was willing to deliver "some" of the product which was long past due for delivery.

25. Attached hereto as Exhibit "B" are additional purchase orders which were accepted by KIK, for which KIK has failed and otherwise refused to manufacture and/or make delivery.

26. As a direct result of these breathes of contract, Pegasus has suffered a loss of business of hundreds of thousands of dollars.

WHEREFORE, the counter-plaintiff demands judgment against counter-defendant as follows:

A. For compensatory damages in an amount to be determined at trial;

B. For legal interest on the compensatory damages;

C. For a declaration that KIK must destroy all product which it has manufactured for Pegasus, but for which it refused to make timely delivery;

D. For a declaration that Pegasus owes no monies to KIK with regard to any orders which Pegasus placed with KIK for which KIK failed to make timely delivery; and,

E. For such other relief as the Court deems appropriate.

## COUNT II
### (Tortious Interference With Contract)

27. Pegasus incorporates herein by reference its responses to the preceding paragraphs in their entirety, as if set forth in full.

28. For the reasons set forth in detail above, KIK has tortiously interfered with Pegasus' contractual and prospective contractual relationships with various of its customers, including, without limitation, Family Dollar and Super Value.

29. The actions of KIK in this regard are so outrageous that they warrant the imposition of punitive damages.

30. As a direct result of these breathes of contract, Pegasus has suffered a loss of business of hundreds of thousands of dollars.

WHEREFORE, the counter-plaintiff demands judgment against counter-defendant as follows:

    A.    For compensatory damages in an amount to be determined at trial;

    B.    For punitive damages in an amount to be determined at trial; and,

    C.    For such other relief as the Court deems appropriate.

Respectfully submitted:

HALPERN & LEVY, P.C.

By:   /s/ Mark S. Halpern
     Mark S. Halpern, Esquire
     Attorney I.D. No. 43336
     Lisanne L. Mikula, Esquire
     Attorney I.D. No. 59146
     Carmen M. Finegan, Esquire
     Attorney I.D. No. 94901
     GSB Building, Suite 400
     One Belmont Avenue
     Bala Cynwyd, PA 19004
     (610) 668-5454

ATTORNEYS FOR DEFENDANT,
PEGASUS INTERNATIONAL, INC.

DATED: March 14, 2007

# CERTIFICATE OF SERVICE

I, Mark S. Halpern, Esquire, hereby certify that I have this day served a true and correct copy of the foregoing **Answer and Counterclaim of Defendant to Plaintiff's First Amended Civil Complaint**, via United States first class mail, postage prepaid, addressed as follows:

> Stephen N. Huntington, Esquire
> Huntington & Franklin, P.C.
> 1500 John F. Kennedy Boulevard, Suite 1032
> Philadelphia, PA 19102

> /s/ Mark S. Halpern
> MARK S. HALPERN

DATED: March 14, 2007

S:\Clients\Pegasus\KIK\Answer (Complaint).wpd
10737-