# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIK Custom Products, Inc.

    **Plaintiff**

V.

Pegasus International, Inc.

    **Defendant**

:     CIVIL ACTION

:     NO: 07-608

:

_____

# ANSWER OF PLAINTIFF, KIK CUSTOM PRODUCTS, INC., TO COUNTERCLAIM OF DEFENDANT, PEGASUS INTERNATIONAL, INC.
_____

1-6. Admitted.

7. Admitted that Pegasus International Inc. ("Pegasus") was advised by a customer service representative of plaintiff KIK that its account was on hold and was referred by that representative to her superiors.

8. Denied. After reasonable investigation, KIK is unable to determine who is referred to in the phrase "upper management" and, consequently, is without knowledge or information sufficient to prepare a response to these averments.

9. Denied. By way of further response, the Pegasus account was not in good standing and the account did not comply with KIK's credit limits so that further product was not shipped.

10. Admitted.

11. Denied. To the contrary, the email issued by Pegasus in response to the KIK demand letter (a copy of which is attached as **Exhibit A**) advised only that "the majority of invoices" are for product Pegasus never received. In fact, as is more particularly set forth in the Complaint, KIK had shipped and Pegasus had received products having an invoice value of $113,016.96 for which Pegasus has never made any payments.

1

12. Denied. After reasonable investigation, KIK is without knowledge or information sufficient to form a belief as to the truth of these averments.

13. Denied. KIK seeks to reduce its losses on this account. It is willing to sell the goods on hold to Pegasus on a C.O.D. basis and/or sell the goods to any end customer. Because the goods already bear the name of Pegasus' customers, their resale value to entities other than Pegasus' customers is quite limited.

14. Denied. To the contrary, KIK remains willing to sell these goods on a C.O.D. basis at any time to Pegasus. Further as is alleged in paragraphs 7 and 11, Pegasus still owes KIK for goods and services sold and delivered at an invoice value of $113,016.96.

15. Denied. To the contrary, KIK's only purpose has been to obtain payment for the goods it has manufactured.

16-
17. Denied. After reasonable investigation, KIK is without knowledge or information sufficient to form a belief as to the truth of these averments.

## COUNT I

18. KIK incorporates all previous answers as though set forth in full herein.

19. Admitted that product orders were placed via purchase orders. Denied that there was an agreement to deliver any of these goods in August. By way of further response, the plaintiff avers that Exhibits A and B were not attached to Pegasus' Counterclaim. To the extent that Exhibit A in Pegasus' Counterclaim refers to Exhibit A in KIK's Complaint, it is admitted that Pegasus received these orders.

20. Admitted.

21. Denied. It is admitted that KIK did advise Pegasus that it had been placed on credit hold and, consequently, that no shipments would be sent from KIK.

22. Denied. The initial KIK employee who advised that the goods were placed on hold referred Pegasus to her superiors regarding KIK's

2

inquiries as to the reason for the hold.

23. Denied. After reasonable investigation, KIK is without knowledge or information sufficient to form a belief as to the truth of these averments.

24. Denied. To the contrary, at all times it has been KIK's position that it would be willing to ship the goods in question once Pegasus became current in its payment of outstanding obligations owed to KIK so that the credit hold could be lifted.

25. Denied. By way of further response, the plaintiff avers that Exhibits A and B were not attached to Pegasus' Counterclaim. To the extent that Exhibit B in Pegasus' Counterclaim refers to Exhibit B in KIK's Complaint, Exhibit B does not constitute Purchase Orders of Pegasus but instead invoices of KIK for goods sold and delivered to Pegasus and not paid for.

26. Denied. After reasonable investigation, KIK is without knowledge or information sufficient to form a belief as to the truth of this averment.

WHEREFORE, KIK requests that the Counterclaim be dismissed with prejudice.

## COUNT II

27. KIK incorporates all previous answers as though they were set forth in full herein.

28-
30. Denied.

WHEREFORE, KIK requests that the Counterclaim be dismissed with prejudice.

## AFFIMATIVE DEFENSES

31. The Defendant is estopped from pursuing its counterclaim because it failed and refused to provide information as to its assets so as to justify the extension of credit by KIK to Pegasus.

3

32. The Defendant is estopped from pursuing its counterclaim because it advised KIK that it refused to honor its obligation to pay for obsolete goods thereby materially breaching any KIK/Pegasus contract in the fashion described in Count III of the Complaint which is incorporated herein by reference.

33. At all times material to the averments alleged in the Counterclaim, Pegasus was advised by KIK that its account exceeded the credit limits KIK was willing to extend to Pegasus.

34. At all times material to the averments alleged in the Counterclaim through to the present, Pegasus had the option, and presently does possess the option, to acquire on a COD basis the goods placed on credit hold by KIK.

35. At no time prior to the filing of this Counterclaim did any representative of Pegasus advise any representative of KIK that Pegasus was required to find an alternative manufacturer for the products as described in paragraph 23 of the Counterclaim.

36. There was no agreement between the parties as to the dates that the goods would be delivered.

37. Pegasus has refused to mitigate the damages of KIK by contesting the right of KIK to sell the goods placed on credit hold by KIK.

WHEREFORE, KIK requests that the Counterclaim be dismissed with prejudice.

**HUNTINGTON & FRANKLIN, P.C.**


By:_____
    **Stephen N. Huntington**
    **Attorney for Plaintiff, KIK**
    P:\Backup\S N H\12277\01\ans to counterclaim final 040307.doc

## CERTIFICATE OF SERVICE

      The undersigned counsel for the Plaintiff hereby certifies that a true and correct copy of the Plaintiff's Answer to Counterclaim of Defendant was served on counsel for the Defendant listed below by U.S. First Class Mail on April 3, 2007.

      Mark S. Halpern, Esquire
      Halpern & Levy, PC
      GSB Building, Suite 400
      One Belmont Avenue
      Bala Cynwyd, PA   19004

      _____
      **STEPHEN N. HUNTINGTON**